UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS J. MIDRANO and          :      CIVIL NO. **1:04-CV-0963**
SUSAN K. MIDRANO,              :
                               :
          Plaintiffs           :      (Magistrate Judge Smyser)
                               :
     v.                        :
                               :
UNITED STATES OF AMERICA,      :
                               :
          Defendant            :

_____

**MEMORANDUM AND ORDER**


     The plaintiffs are Thomas J. Midrano and Susan K.
Midrano.  The defendant is the United States of America.  The
claim is a federal tort claim.  Federal Tort Claims Act, 28
U.S.C. §§ 1346(b), 2671-2680.


     The complaint in this case was filed in the United
States District Court for the Eastern District of Pennsylvania.
The parties stipulated to the transfer of the case to the
United States District Court for the Middle District of
Pennsylvania.  It was transferred to this court by Order of
April 26, 2004.


     In the complaint, the plaintiffs allege that plaintiff
Thomas J. Midrano was examined on October 22, 1999 at the
Lebanon Veterans Administration Hospital by Raymond Dorsch,
M.D.  Dr. Dorsch asked the plaintiff to move his arm and
shoulder through various ranges of motion.  The complaint
alleges that Dr. Dorsch, assisting the plaintiff, torqued and
wrenched the plaintiff's shoulder beyond the point where the

plaintiff could move it on his own.  The complaint alleges that by reason of Dr. Dorsch's torquing and wrenching of the arm the plaintiff sustained diffuse axonal loss neuropraxic lesion of the brachial plexus of the right upper extremity, resulting in constant pain and or burning sensation in the right arm and hand, ultra-sensitivity of the right hand, chronic regional pain syndrome, and an aggravation of a pre-existing condition of reflex sympathetic dystrophy of the left upper extremity.

The complaint alleges that the plaintiff did not discover that Dr. Dorsch had caused him permanent injury until nerve damage was diagnosed by Dr. Thoder on March 23, 2000.

The complaint states a count on behalf of Thomas J. Midrano and a count on behalf of Susan K. Midrano.

An answer to the complaint was filed on July 13, 2004. The defendant filed a motion for summary judgment on April 22, 2005.  A brief in support was filed on May 6, 2005.  Doc. 17. A LR 56.1 statement was filed on May 6, 2005.  Doc. 18.  A brief in opposition was filed on May 18, 2005.   Doc. 20.  A reply brief was filed on June 1, 2005.  Doc. 24.

The motion for summary judgment is based upon the contention that the statute of limitations had expired before this complaint was filed on March 19, 2004 in the United States District Court for the Eastern District of Pennsylvania.

28 U.S.C. § 2401 provides that a tort claim against the United States is barred unless it is presented to the appropriate federal agency within two years after the claim accrues.  It provides further that the claim is banned if it is not presented by a civil action begun within six months after the date of mailing of the notice of the agency's final denial of the claim.

A tort claim accrues at the time of the plaintiff's injury, or when the tort claimant has reason to know that an act or omission by the government medical personnel has been the cause of the injury.  *United States v. Kubrick*, 444 U.S. 111, 120 (1979); *Oberlin v. United States*, 727 F.Supp. 946, 948 (E.D.Pa. 1989).

The defendant argues that the Midranos must be seen to have known on October 22, 1999 that Dr. Dorsch's manipulation, torquing and wrenching of his arm had caused injury to him. The defendant argues that the administrative agency claim form was due therefore by October 22, 2001.

The plaintiff's argument is based upon the contention that the date of discovery of his injury is in dispute in that he did not receive a definitive diagnosis of his injury until March 23, 2000, when an electromyelogram showed nerve damage to his right shoulder.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir. 1992). After such a showing has been made, the nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact. Rather, the nonmoving party must go beyond the pleadings and offer specific facts contradicting the facts averred by the movant which indicate that there is a genuine issue for trial. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); Fed.R.Civ.P. 56(e). "Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, [citation omitted] the nonmoving party . . . 'must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file.'" *Pastore v. Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994) (quoting *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992)).

To determine whether the nonmoving party has met his or her burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the non-movant.

The plaintiff's position here as to the date on which he first knew that Dr. Dorsch's act was the cause of his injury is that while he knew of his pain after his examination on October 22, 1999, he did not know what his injury was and he had no professional medical opinion to confirm that Dr. Dorsch had caused him injury.  He argues that actual proof of the injury and of the fact that the injury had been caused by the examination is necessary for the statute of limitations period to begin to run.

The claim had accrued on October 22, 1999, however, because on that date the plaintiff knew of the fact of his injury, of the cause of his injury and of the nature of his injury.  The plaintiff did not know the exact physiological and neurologic changes that had occurred in his arm joint to result in a severe and lasting pain, but he knew all that he needed to know to initiate a legal action.  He knew what Dr. Dorsch had done.  He knew that it had given him pain, the same pain that he continued to have.   He did not "suspect" that he had been injured on October 22, 1999; he knew that he had been injured on that date.

The two year statute of limitations had expired before the plaintiff on March 18, 2002 initiated an administrative claim.  Therefore, by reason of and by application of 28 U.S.C. § 2401, the plaintiff's claim is barred.

The defendant's motion for summary judgment is **GRANTED**. **IT IS ORDERED** that on the basis of an untimely action, the action will be dismissed with prejudice.  **IT IS FURTHER ORDERED** that summary judgment shall be entered by the Clerk in favor of the defendant and against the plaintiff.   The Clerk is directed to close this case.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   June 24, 2005.